UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS,<br><br>   Plaintiff,<br><br>  v.<br><br>BRIAN CATES, et al.,<br><br>   Defendants. | Case No. 1:23-cv-00793-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

## I. BACKGROUND

Melvin Simmons ("Plaintiff") is a state prisoner proceeding *pro se* in this action.  The Court received the complaint commencing this action on May 24, 2023.  (ECF No. 1).

As the Court finds that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted). See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'") (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986-87 (9th Cir. 1999)) (alteration in original).

## III.   ANALYSIS

### i.   Strikes

Plaintiff initiated this action on May 24, 2023. (ECF No. 1). The Court finds that, prior to this date, Plaintiff had at least three cases dismissed that count as "strikes."

The Court takes judicial notice of Simmons v. Kishbaugh, E.D. CA, Case No. 2:19-cv-01650, ECF Nos. 12 & 15, in which Magistrate Judge Edmund F. Brennan and District Judge Troy L. Nunley found that Plaintiff had at least three "strikes" prior to filing the action. The action was filed on August 23, 2019. Id. at ECF No. 1.

The Court also takes judicial notice of: 1) Simmons v. Lamarque, N.D. CA, Case No. 5:03-cv-04509, ECF No. 17 (dismissed for failure to state a claim); 2) Simmons v. Giurbino, N.D. CA, Case No. 3:11-cv-02169, ECF No. 4 (dismissed for failure to state a claim); 3) Simmons v. Kernon, N.D. CA, Case No. 5:16-cv-07319, ECF No. 28 (dismissed for failure to state a claim); 4) Simmons v. California Department of Corrections, E.D. CA, Case No. 2:21-cv-01236, ECF Nos. 11 & 13 (dismissed for failure to state a claim).

Based on the actions listed above, the Court finds that Plaintiff had at least three "strikes" prior to filing this action.

### ii.   Imminent Danger

As Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding in forma pauperis unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception

"turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical."  Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of imminent danger are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  See also Martin, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)….").  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g).  In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.  The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]."  Stine v. Fed. Bureau of Prisons, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298-99 (2d Cir. 2009)).  See also Ray v. Lara, 31 F.4th 692, 701 (9th Cir. 2022) ("[I]n order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court.").

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations.  Andrews, 493 F.3d at 1055 (9th Cir. 2007).

Plaintiff generally complains about infringement of intellectual property rights, being illegally detained, and a search and seizure that appears to have occurred before he arrived at

California Correctional Institution.  There are no allegations in Plaintiff's complaint suggesting that Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint.  Plaintiff does allege that he is in "imminent danger of instantaneous death and serious great bodily harm…," (ECF No. 1, p. 4), but this allegation is conclusory and there are no factual allegations supporting it.

As Plaintiff is a "three-striker" and was not in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

## IV.   CONCLUSION, RECOMMENDATIONS, AND ORDER

The Court finds that Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1.   Pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed proceed *in forma pauperis* in this action; and

2.   Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\
\\\
\\\
\\\
\\\

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **May 25, 2023**

/s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE